WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events LLC,<br><br>Plaintiff,<br><br>v.<br><br>Samuel Almeda, et al.,<br><br>Defendants. | No. CV-18-00672-PHX-ESW<br><br>**ORDER** |

Pending before the Court is G&G Closed Circuit Events, LLC's ("Plaintiff") "Motion to Strike Defendants' Affirmative Defenses" (Doc. 19). For the reasons set forth herein, the Court will deny Plaintiff's Motion (Doc. 19).

## I. BACKGROUND

This action concerns Defendants' alleged unauthorized and unlawful exhibition of a televised broadcast of *Saul Alvarez v. Julio Cesar Chavez, Jr. Super Middleweight Championship Fight Program* (the "Program") to which Plaintiff held the exclusive nationwide commercial distribution rights. (Doc. 1 at 7, § 21). Plaintiff alleges that Defendants violated (i) the Communications Act of 1934 (47 U.S.C. § 605 *et seq.*) and (ii) the Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553 *et seq.*). (*Id.* at 2, ¶ 1). Defendants timely answered Plaintiff's two-count Complaint on April 24, 2018. (Doc. 12). Defendants raise three affirmative defenses.

The first affirmative defense alleges that if a violation of 47 U.S.C. § 605 is

proven, then Defendants "were not aware and had no reason to believe that the alleged acts constituted a violation of 47 U.S.C. § 605." (Doc. 12 at 3, ¶ 35). Defendants assert that damages may be reduced to a sum of not less than $250.00 in accordance with 47 U.S.C. § 605(e)(3)(C)(iii). (*Id.*).

In the second affirmative defense, Defendants allege that if a violation of 47 U.S.C. § 553 is proven, then Defendants "were not aware and had no reason to believe that the alleged acts constituted a violation of 47 U.S.C. § 553." (Doc. 12 at 3, ¶ 36). Defendants assert that damages therefore may reduced to a sum of not less than $100.00 pursuant to 47 U.S.C. § 553(c)(3)(C). (*Id.*).

The final affirmative defense alleges that "the Program, if exhibited at the business, was a taped-delayed match from Mexico City, and not a live broadcast." (*Id.* at 4, ¶ 37). Defendants further assert that the broadcast was a legitimate broadcast of Defendants' provider, SKY Television. (*Id.*).

On May 15, 2018, Plaintiff filed the pending "Motion to Strike Defendants' Affirmative Defenses" (Doc. 19). Defendants have responded (Doc. 29), and Plaintiff has replied (Doc. 30).

## **II. DISCUSSION**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). In general, motions to strike a defense are disfavored. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *see also* 5C C. Wright, A. Miller, et al., FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed. 1998) ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harrassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the

federal courts and are infrequently granted.").

Affirmative defenses "deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). "By contrast, denials of a plaintiff's allegations or allegations that the plaintiff cannot prove the elements of her claims are not affirmative defenses." *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 575 (N.D. Cal. 2016). The Court may strike an affirmative defense if it fails to give "fair notice" of the defense or if it is insufficient as a matter of law. *See Wyshak v.. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.").

In support of its Motion to Strike, Plaintiff asserts that all three of Defendants' asserted affirmative defenses are actually denials. (Doc. 19-1 at 4, 6). Yet the "sparse authority addressing the subject has concluded that denials that are improperly pled as defenses should not be stricken for that reason alone." *Mattox v. Watson,* No. CV 07–5006, 2007 WL 4200213, at *3 (C.D. Cal. Nov. 15, 2007); *see also* 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1269 (2d Ed. 1990) (observing that "the federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled."); *see also Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, at *9 (N.D. Cal. Sept. 20, 2006) ("[W]hile denials which negate elements of Plaintiffs' claims should not be pled as affirmative defenses, Plaintiffs fail to show that this alleged pleading error provides adequate grounds for striking pleadings.").

In addition, contrary to Plaintiff's assertion, the Court finds that Defendants' affirmative defenses provide Plaintiff with fair notice of the bases for Defendants' arguments. *See, e.g.*, *J & J Sports Prods. Inc. v. Mosqueda*, No. CV-12-0523 PHX DGC, 2013 WL 951366, at *1 (D. Ariz. Mar. 12, 2013) (finding that affirmative defenses that quoted statutes specifying the appropriate damages for violations of the statutes provided

the plaintiff with fair notice of the basis for the defendants' argument). Finally, the Court does not find that Plaintiff would be prejudiced by the denial of their Motion (Doc. 19). *Hernandez v. Balakian,* No. CV–F–06–1383 OWW DLB, 2007 WL 1649911, at *1 (E.D. Cal. June 1, 2007) ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.") (internal quotation marks and citation omitted). Plaintiff's Motion to Strike (Doc. 19) will be denied.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion to Strike Defendants' Affirmative Defenses" (Doc. 19).

Dated this 21st day of September, 2018.

_____
Eileen S. Willett
United States Magistrate Judge